# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# AT NASHVILLE

| | |
|---|---|
| MICHELLE BUCKLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Case No. _____ |
| v. ) | |
| ) | JURY DEMAND |
| FOUR SEASONS COACH LEASING, ) | |
| INC., VILLAGE TRAVEL, LLC, ) | |
| and PROTRAVEL INTERNATIONAL, ) | |
| LLC, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

Comes now the Plaintiff, Michelle Buckle, by and through her undersigned counsel, and for her Complaint against the Defendants, Four Seasons Coach Leasing, Inc., Village Travel, LLC, and Travel and ProTravel International, LLC, the Plaintiff states as follows:

### JURISDICTION AND VENUE

1. This case arises under the Tennessee Human Rights Act, T.C.A. sec 4-21-101, *et seq.*; T.C.A Sec. 4-21-301, *et.seq*.

2. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367. The Court has personal jurisdiction over the Plaintiff, a resident of Davidson County, Tennessee and the Defendants, who do business in Tennessee.

3.     Venue also lies in the Middle District of Tennessee, pursuant to 28 U.S.C. § 1391, because the Defendants do business in this district, and a substantial part of the alleged events or omissions giving rise to this action occurred in this district.

## PARTIES

4.     Plaintiff, Michelle Buckle, (hereinafter "Plaintiff") is a resident of Old Hickory, Davidson County, Tennessee.

5.     Defendant Four Seasons Coach Leasing, Inc. (hereinafter "Defendant Four Seasons") is a foreign for-profit corporation authorized to be and doing business in Lebanon, Wilson County, Tennessee, where the allegations set forth in this complaint occurred, and may be served through its registered agent for service of process, Mike Slarve located at 211 Babb Drive, Lebanon, TN 37087.

6.     Defendant Village Travel, LLC (hereinafter "Defendant Village") is a foreign for-profit limited liability company authorized to be and doing business in Lebanon, Wilson County, Tennessee, where the allegations set forth in this complaint occurred, and may be served through its registered agent for service of process, Jeff Arsendorf, 4255 North Ridge Road, Wichita, KA 67205.

7.     Defendant ProTravel International, LLC, (hereinafter "Defendant ProTravel") is a foreign for-profit corporation authorized to be and doing business in New York, New York County, New York, and may be served through its registered agent for service of process, Corporation Service Company located at 515 Madison Avenue, 8th Floor, New York, NY 10022.

8.     Defendants Four Seasons and Village are entertainer coach companies. The Plaintiff was assigned jobs as a driver through Defendants Four Seasons and Village,

these companies merged together in or around August 2018.

9. Defendant ProTravel contacted Defendants Four Seasons and Village for staffing needs.

10. Jurisdiction in this matter is proper because the events giving rise to this matter took place in Wilson County, Tennessee.

## FACTUAL BACKGROUND

11. The Plaintiff, Michelle Buckle, was hired by Defendants Four Seasons and Village as a driver in or around January 2019.

12. Defendants Four Seasons and Village combined as a single company in or around August 2018.

13. The Plaintiff enjoyed a positive work environment free of discrimination from the time of her hiring in or around January 2019 for about four months.

14. Beginning in May 2019 and continuing until the Plaintiff's termination on June 16, 2019, the Plaintiff was subjected to discrimination on the basis of her sex, female.

15. Sometime before May 6, 2019, Defendant ProTravel contacted Defendants Four Seasons and Village to obtain a driver for a tour for the music group the Temptations.

16. Defendants Four Seasons and Village assigned the Plaintiff to drive the music group during the tour during May 8, 2019-May 19, 2019.

17. Plaintiff was considered a "veteran" driver and "very reputable" by Four Seasons and Village.

18. On or around May 6, 2019, an employee of Defendant ProTravel contacted Defendants Four Seasons and Village and stated that the group preferred a male driver.

19. Defendants Four Seasons and Village removed Plaintiff from the tour and replaced the Plaintiff with a male driver, despite the fact that Plaintiff was a "veteran" driver and "very reputable."

20. The Plaintiff advised the dispatcher with Defendants Four Seasons and Village that she felt she had been discriminated against based on her sex, female.

21. After this report, the Plaintiff's assignments decreased despite receiving requests for her services as a driver from clients.

22. On or about June 16, 2019, Defendants Four Seasons and Village terminated the Plaintiff based upon her gender and/or as a result of reporting sexual discrimination and a hostile work environment in violation of the Tennessee Human Rights Act pursuant to T.C.A. sec 4-21-101, *et seq*.; T.C.A Sec. 4-21-301, *et.seq*.; T.C.A. Sec. 4-21-401, *et.seq*.

## COUNT I
## SEXUAL DISCRIMINATION

23. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 22 above.

24. The Plaintiff was hired by Defendants Four Seasons and Village in or around January 2019.

25. At all relevant dates and times as set forth herein, the Plaintiff was an employee of Defendants Four Seasons and/or Village.

26. Defendant ProTravel contacted Defendants Four Seasons and/or Village to obtain the services of a driver, and initially this driver was the Plaintiff.

27. Beginning in May 2019 and continuing through her termination on June 16, 2019, the Plaintiff was subjected to sexual discrimination perpetrated by employees of the Defendants.

28. ProTravel requested the removal of Plaintiff from an assignment solely on the basis of her gender, female.

29. Members of management and employees of Defendants Four Seasons and Village were aware of the discrimination initiated by Defendant ProTravel, failed to prevent it, and ultimately joined in participating in the discrimination against the Plaintiff.

30. The Defendants are liable for harassment perpetrated by its employees.

31. At all relevant times as set forth herein, the sexual discrimination from the

32. Defendants was so severe and pervasive, as to create a hostile work environment which affected the terms, conditions, and/or privileges of the Plaintiff's employment with the Defendants.

33. The Plaintiff rejected and discouraged said discrimination. Nonetheless, the inappropriate conduct and treatment continued throughout her employment until her termination.

34. The workplace was permeated with discriminatory intimidation and insult that was sufficiently severe and pervasive as to alter the conditions of the Plaintiff's employment and resulted in her removal from a job and refusal to give Plaintiff additional assignments in violation of Tenn. Code Ann. Sec. 4-21-301 *et seq*. and Tenn.

Code Ann. Sec. 4-21-401 *et seq.*, and therefore Plaintiff is entitled to all remedies as set forth herein.

35. The Plaintiff has been damaged by the Defendants and is entitled to compensatory damages as set forth in the prayer for relief for the embarrassment, humiliation, emotional distress, psychological distress and wage loss that she has experienced.

36. At all relevant time as set forth herein, the Plaintiff avers the following:

a. the Plaintiff was a member of a protected class (female);

b. the Defendants' discrimination of the Plaintiff was based on her sex;

c. a tangible employment action resulted from the Plaintiff's refusal to submit to the Defendant's demands;

d. the Defendants' discrimination of the Plaintiff affected a term, condition and/or privilege of the Plaintiff's employment;

e. the Defendants' sexual discrimination of the Plaintiff created a hostile work environment and/or unreasonable interfered with the Plaintiff's work performance;

f. the Defendants had notice of the sexual discrimination and the hostile work environment and/or the unreasonable interference with Plaintiff's work performance; and

g. the Defendants failed to take prompt and appropriate corrective action to eliminate the discrimination.

37. A sexually discriminatory and hostile work environment persisted despite reports to the Defendants of sexual discrimination and violations of the Tennessee Human Rights Act.

### COUNT II
### RETALIATION

38. Plaintiff re-alleges and incorporates herein the allegations contained in paragraphs 1 – 37 above.

39. At all times pertinent to this action, Plaintiff was an "employee" within the meaning of common law, Tennessee Code Annotated § 50-1-304 and the Tennessee Human Rights Act.

40. At all times pertinent to this action, Defendants were an "employer" within the meaning of common law, Tennessee Code Annotated § 50-1-304 and the Tennessee Human Rights Act.

41. Plaintiff submits that she was terminated in retaliation for engaging in protected activities. Plaintiff asserts that the Defendants retaliated against her in violation of the Tennessee Human Rights Act.

42. Beginning in May 2019 and continuing through June 16, 2019, the Plaintiff was subjected to retaliation in the workplace for reporting sexual discrimination to a member of management and/or her superior.

43. Defendant Pro Travel asked the Defendants Four Seasons and Village to engage in sexual discrimination against the Plaintiff and they agreed.

44. The Plaintiff expressed her dissatisfaction with this decision and reported it as discrimination shortly thereafter.

45. Management with Defendants Four Seasons and Village failed to take any preventative or corrective action to stop the sexual discrimination.

46. Defendants Four Seasons and Village actively participated in the discrimination originated against the Plaintiff by Defendant ProTravel.

47. Defendants Four Seasons and Village additionally failed to procure new assignments for Plaintiff at the frequency she experienced before the Plaintiff reported discrimination.

48. At all pertinent times, these Defendants violated the Tennessee Human Rights Act, as (1) the Plaintiff was an employee of the Defendants; (2) the Plaintiff reported and refused to remain silent about discrimination; (3) the Defendants terminated the Plaintiff's employment and (4) the Defendants terminated the Plaintiff's employment solely for the Plaintiff's refusal to remain silent and for reporting the discrimination.

49. The Plaintiff avers that the supervisors were the purveyors of the aforementioned acts of inappropriate conduct and retaliation and that despite Plaintiff's formal complaint the Defendant retaliated against the Plaintiff for reporting sexual discrimination.

50. There was a breach of the Defendants' duty to supervise its employees and agents. Among other employees, the person who the Defendants hired for Supervisor positions participated and condoned discriminatory and retaliatory practices. The Defendants negligently hired and appointed supervisors and managers who created a hostile environment in the Plaintiff's place of employment.

## COUNT III
## NEGLIGENT HIRING, RETENTION AND SUPERVISION PRACTICES

51. Allegations 1 – 50 are hereby incorporated herewith. In the alternative,

the Plaintiff asserts that the Defendants are guilty of negligent hiring and retention practices.

52. At all relevant date and times as forth herein, all Defendants were vicariously liable for the actions and inappropriate conduct of the Defendants' employees, agents, and representatives because: (a) the Defendant did not exercise reasonable care to promptly correct and prevent the discriminatory behavior; (b) the Defendants' unwelcome comments, actions, omissions and hostile environment culminated in Plaintiff's termination, a tangible employment action; (c) the Defendants failed to promulgate an anti-harassment policy with a complaint procedure in place; (d) the Defendant did not properly train the their employees regarding the Defendants' policies towards a workplace free of harassment; (e) the Defendants did not have a viable and reasonable procedure and policy in effect to encourage and promote employees to report sexual discrimination occurring within the Defendants' workplace; (f) the Defendants improperly retaliated and discriminated against the Plaintiff after she rejected and/or reported the occurrence of sexual discrimination; and (g) the Defendants' had a duty to properly supervise its employees and agents.

53. The Plaintiff asserts damages arising out of the Defendants' negligent hiring, supervision and retention of the Defendants' employees.

54. There was a breach of the Defendants' duty to supervise its employees and agents. Among other employees, the persons hired for the management positions participated in and condoned discriminatory and retaliatory practices. The Defendants negligently hired and appointed supervisors and managers who created and/or permitted a discriminatory environment in the Plaintiff's place of employment.

55. At all relevant dates and times as set forth herein, Defendants were liable for their agents and employees actions and inappropriate conduct because, (a) their unwelcome comments and actions culminated in Plaintiff's termination; a tangible employment action; (b) the Defendants did not exercise reasonable care to promptly correct and prevent the sexually discriminatory behavior; (c) the Defendants failed to promulgate an anti-discrimination policy with a complaint procedure in place; and (d) the Defendants improperly retaliated and discriminated against the Plaintiff after she reported the occurrence of sexual discrimination.

56. The Defendants further failed to properly train and supervise its employees on preventing and avoiding discriminatory and retaliatory practices.

57. The Defendants further failed to supervise their management and non-management staff and employees to prevent, discover or correct discriminatory practices that were taking place and/or correct these issues once reported.

58. The Plaintiff sustained damages as a result of the Defendants' negligent hiring and retention practices while she was employed by Defendants.

59. There is a proximate causal relationship between the Defendants' failure to supervise its employees and the injury sustained by the Plaintiff.

**APPLICABLE TO ALL COUNTS**

60. Plaintiff has suffered direct pecuniary losses as a result of the Defendant's violations of the Tennessee Human Rights Act, and negligent practices.

61. Plaintiff will continue to suffer direct pecuniary losses as a result of the

62. Defendant's culpable acts of omissions as set forth herein, the Defendant's violation of the Tennessee Human Rights Act and negligent practices.

63. Plaintiff is entitled to compensation for incidental damages, attorney's fees, compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering and other non-pecuniary loses.

64. Plaintiff further submits that the Defendants has acted: (a) intentionally, (b) maliciously, and/or (c) recklessly and that the Plaintiff is entitled to punitive damages.

65. As a result of the sexual discrimination and retaliation, the Plaintiff has suffered embarrassment and humiliation, emotional distress, pain and suffering, incidental expenses, lost wages and loss earning capacity.

66. As a result of the Defendant's culpable acts or omissions set forth herein, the Plaintiff was improperly discriminated against and harassed by the Defendants and is entitled to compensation for compensation for emotional distress, humiliation, mental anguish, embarrassment, pain and suffering, other incidental damages non-pecuniary loses, and for punitive damages. Plaintiff submits she is entitled to a workplace free of harassment, discrimination, and retaliation.

**WHEREFORE PLAINITFF PRAYS:**

a. the Plaintiff be awarded compensatory damages in an amount to be determined by the Trier of Fact but not to exceed $300,000;

b. the Plaintiff be awarded punitive damages in an amount to be determined by the Trier of Fact, but not to exceed 300,000;

c. that the Court award the Plaintiff attorney's fees and costs incurred in prosecuting this action and such discretionary costs as provided under Tennessee law;

d. that the Court award the Plaintiff such other, further, general and different relief to which she may be entitled;

e. that the costs of this action be taxed against the Defendants for which execution may issue; and

f. for general relief.

Respectfully submitted,

s/Nina Parsley
Nina Parsley, BPR #023818
Michael D. Ponce & Associates, PLLC
Attorneys for Plaintiff
400 Professional Park Drive
Goodlettsville, TN 37072
Telephone: (615) 851-1776
nina@poncelaw.com